IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Case No. 2:24-cv-9677

MAUREEN HARRINGTON, as personal
representative for the estate of BLAINE
HARRINGTON III,

      Plaintiff,

v.

GRAND UNION TOURS, INC.,

      Defendant.

_____

## COMPLAINT

Plaintiff Maureen Harrington, as personal representative for the estate of Blaine Harrington III ("Plaintiff") sues defendant Grand Union Tours, Inc. ("Defendant"), and alleges as follows:

### THE PARTIES

1.     Plaintiff is an individual who is a citizen of the State of Colorado residing in the State of Colorado.

2.     Defendant is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 2314 Bergenline Ave., Union City, NJ 07087.

### JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant in a copyright action 'may be found' wherever the defendant is subject to personal jurisdiction." Skidmore v. Led Zeppelin, 106 F.Supp.3d 581, 584 (E.D. Pa 2015). In other words, "[b]ecause Defendant is subject to personal jurisdiction in Delaware… venue is also proper for Defendant in this Court." RMG Media, LLC v. iBoats, Inc., Civil Action No. 20-cv-290-RGA, 2021 U.S. Dist. LEXIS 62224, at *10 (D. Del. Mar. 31, 2021).

## FACTS

### I.      Blaine Harrington III

6.      Plaintiff has been appointed as the personal representative of the estate of her late husband, Blaine Harrington III. The Estate owns and manages the copyrights to Mr. Harrington's photographic works, including those at issue in this lawsuit.

7.      Mr. Harrington was a well-known and highly regarded travel/location photographer based in Denver, CO, a five-time SATW Travel Photographer of the Year (in addition to numerous other awards received during his career), and worked on assignment for most major news, business and travel magazines.

8.      With over 45 years in business (including working in Amsterdam, New York, Paris and Zurich), Mr. Harrington had expert knowledge of Europe, as well as most regions of the world. He maintained files of over 500,000 images from over seventy-five countries and was (until his untimely death in January 2023) continually traveling to add new and updated material to the files.

9.      Mr. Harrington travel/location photography was highly sought after and has been published in numerous magazines/travel calendars, including *Business Week, Delta Sky, Endless Vacation, Forbes, Geo, Islands, National Geographic Adventure, National Geographic Traveler,*

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

*Newsweek, New York Times magazine, Outside, Popular Photography, Ski, Smithsonian, Time, and Travel + Leisure*. He was also the travel photography columnist (bi-monthly "On the Road") for *Shutterbug Magazine* and had numerous corporate clients who have included his work in their marketing/advertising campaigns.

**II.     The Work at Issue in this Lawsuit**

10.     In 2011, Mr. Harrington created a professional photograph of Disney characters performing in front of the Cinderella Castle at Walt Disney World's  Magic Kingdom, titled "20110427_florida_0732" (the "Work").  A copy of the Work is displayed below:



11.     The Work was registered by Mr. Harrington with the Register of Copyrights on August 29, 2011 and was assigned Registration No. VAu 1-077-015.  A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

12.     Mr. Harrington is the owner of the Work and has remained the owner at all times material hereto. As the appointed personal representative for Mr. Harrington's estate, Plaintiff is entitled to institute and maintain this action for copyright infringements. <u>See</u> 17 U.S.C. § 501(b).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

### III.    Defendant's Unlawful Activities

13.    Defendant owns and operates a tourism company that has been offering excursions for more than 56 years.

14.    Defendant advertises/markets its business primarily through its website (http://www.granduniontours.com/home/), social media (e.g., https://www.facebook.com/granduniontours and https://twitter.com/granduniontours), and other forms of advertising.

15.    On December 29, 2017 (after the above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, and/or social media at https://www.facebook.com/photo/?fbid=1969460940043598&set=pcb.1969462940043398:

16.    A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

17.    Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

any other purpose.

18.    Defendant utilized the Work for commercial use.

19.    Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

20.    Through his ongoing diligent efforts to identify unauthorized use of his photographs, Mr. Harrington discovered Defendant's unauthorized use/display of the Work in December 2022.  Following Mr. Harrington's discovery, Mr. Harrington notified Defendant in writing of such unauthorized use.  To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of the Work.

21.    All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

22.    Plaintiff re-alleges and incorporates paragraphs 1 through 21 as set forth above.

23.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

24.    Mr. Harrington owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

25.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as she has sufficient rights, title, and interest to such copyright (as Plaintiff has been appointed as the personal representative of Mr. Harrington's estate which is administering all of Mr. Harrington's assets, including the works at issue in this lawsuit).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

26.     Plaintiff has been appointed as the personal representative of Mr. Harrington's Estate which is administering all of Mr. Harrington's assets, including the works at issue in this lawsuit.

27.     Mr. Harrington's Estate owns a valid copyright in the Work because Mr. Harrington registered the Work, prior to his death, with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Mr. Harrington's Personal Representative standing to bring this lawsuit and assert the claim(s) herein.

28.     As a result of Mr. Harrington's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

29.     Defendant reproduced, distributed, and publicly displayed the Work without authorization from Mr. Harrington and/or his estate.

30.     By its actions, Defendant infringed and violated Mr. Harrington's Estate's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

31.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

32.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

33.     Plaintiff is entitled to recover her actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

of the Work, which amounts shall be proven at trial.

34.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover her costs and attorneys' fees as a result of Defendant's conduct.

36.     Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d.  Awarding Plaintiff her costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Dated: October 8, 2024.                    COPYCAT LEGAL PLLC
                                           3111 N. University Drive
                                           Suite 301
                                           Coral Springs, FL 33065
                                           Telephone: (877) 437-6228
                                           dan@copycatlegal.com

                                           By: /s/ Daniel DeSouza
                                               Daniel DeSouza, Esq.
                                               NJ Bar 431532024

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228